**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BEN BAKER and CLARISSA GLENN, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.  16 CV 8940 |
| | ) | |
| v. | ) | Judge Andrea R. Wood |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## CONFIDENTIALITY ORDER

All parties, by and through their counsel, have moved for the entry of a confidentiality order pursuant to Fed. R. Civ. P. 26(c) and 45 C.F.R. §§ 160 & 164, and for the reasons set forth in the record, the Court hereby finds good cause to order the following:

**1.  Scope**. All materials produced or adduced in the course of discovery, including, initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**2.  (a) Confidential Information**. As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: (a) information protected from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual, including but not limited to the medical records of Plaintiffs Ben Baker and Clarissa Glenn; (e) personal identity information; (f) income tax

returns (including attached schedules and forms), W-2 forms and 1099 forms; (g) personnel or employment records of a person who is not a party to this case; and (h) any information contained within the following file materials that are otherwise prohibited from public disclosure by statute, subject to the Public Release Procedure set forth in paragraph 2(b), below:

> Any disciplinary actions, files and attachments to such files generated by the investigation of deaths in custody, uses of deadly force, and complaints of misconduct by Chicago police officers (generally referred to as "Log Number" files, "Complaint Register" files, "Universal" files, or "Extraordinary Occurrence" files; and hereinafter referred to as "CR Files").

**2. (b) Public Release Procedure for CR files Produced in Pre-Trial Discovery**. CR files, due to their burdensome size and amount of information that needs to be reviewed on a page-by-page, case-by-case basis, prior to any public release, which in this case is estimated to exceed over 500 pages of documents, shall be provided preliminary protection from public dissemination pursuant to this Order. Their review and access as produced in un-redacted litigation format pursuant to this Order shall be limited only to those parties identified in Section 5 of this Order for use in this litigation and shall not be released to any other persons except upon written notice, 30 days prior, to the officer's attorney(s) and to the City of Chicago's attorney, if different, to permit such attorneys and parties to provide a FOIA-screened copy of the CR File within that time or any other further reasonable time granted by the Court, which will then be produced without the designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER." This second copy will contain redactions of information prohibited from public disclosure by statute, including but not limited to the Illinois Freedom of Information Act, 5 ILCS 140/1 et seq., the Illinois Personnel Records Review Act, 820 ILCS 40/.01 et seq., the Illinois Identity

Protection Act 5 ILCS 179/10(b)(1), and the Juvenile Court Act, 705 ILCS 405/1-1 et seq., as follows: There shall be no restrictions on the use or public release of the second copy. These are the categories of FOIA exemptions that the City contends regularly apply to various portions of these materials.

## FOIA REDACTION GUIDELINE LIST

| | ITEM TO REDACT | EXEMPTION |
|---|---|---|
| 1 | Names of civilian witnesses who provided information to law enforcement | 5 ILCS 140/7(1)(d)(iv) |
| 2 | Names of civilian CR complainants | 5 ILCS 140/7(1)(d)(iv) |
| 3 | Names of confidential sources and information that would unavoidably lead to the identification of them | 5 ILCS 140/7(1)(d)(iv) |
| 4 | Confidential information furnished only from confidential sources | 5 ILCS 140/7(1)(d)(iv) |
| 5 | Names of crime victims (unless they are deceased or have consented in writing to release) where the privacy interest outweighs any legitimate public interest in disclosure | 5 ILCS 140/7(1)(c); 5 ILCS 140/7(1)(d)(iv) |
| 6 | Names of non-attorneys and non-government employees who are tangential to the incident (i.e., not witnesses) where the privacy interest outweighs any legitimate public interest in disclosure | 5 ILCS 140/7(1)(c) |
| 7 | Dates of birth | 5 ILCS 140/7(1)(c) **(Note: the year of birth and age should not be redacted)** |
| 8 | Personal telephone numbers (residential and mobile/cell) | 5 ILCS 140/7(1)(b); 5 ILCS 140/7(1)(d)(iv) |
| 9 | Personal email addresses | 5 ILCS 140/7(1)(b); 5 ILCS 140/7(1)(d)(iv) |
| 10 | Incident address when it is a home address | 5 ILCS 140/7(1)(b); 5 ILCS 140/7(1)(d)(iv) |
| 11 | Home addresses | 5 ILCS 140/7(1)(b); 5 ILCS 140/7(1)(d)(iv) |
| 12 | Information that could reveal a home address | 5 ILCS 140/7(1)(b); 5 ILCS 140/7(1)(d)(iv) |
| 13 | Social Security numbers of others | 5 ILCS 140/7(1)(a) – Illinois Identity Protection Act 5 ILCS 179/10(b)(1); 5 ILCS 140/7(1)(b); 5 ILCS 140/7(1)(c); 5 ILCS 140/7(1)(d)(iv) |
| 14 | Driver's License numbers | 5 ILCS 140/7(1)(b); 5 ILCS |

| | | |
|---|---|---|
| | | 140/7(1)(d)(iv) |
| 15 | Personal license plate numbers | 5 ILCS 140/7(1)(b); 5 ILCS 140/7(1)(d)(iv) |
| 16 | IR numbers of victims and witnesses where the privacy interest outweighs any legitimate public interest in disclosure | 5 ILCS 140/7(1)(b); 5 ILCS 140/7(1)(c); 5 ILCS 140/7(1)(d)(iv) |
| 17 | Employee identification numbers | 5 ILCS 140/7(1)(b) |
| 18 | Signatures of non-government employee witnesses, victims and complainants | 5 ILCS 140/7(1)(b) – biometric identifier |
| 19 | Passwords or other access codes | 5 ILCS 140/7(1)(b) |
| 20 | Attorney-client communications, materials created at the direction of an attorney (e.g., internal memoranda) | 5 ILCS 140/7(m)*<br><br>*not all attorney-client communications are presumptively privileged under this subsection. |
| 21 | Medical records | 5 ILCS 140/7(1)(b) |
| 22 | OEMC records related to medical treatment (e.g., ambulance run sheets and EMS records) | 5 ILCS 140/7(1)(a) – HIPAA, 5 ILCS 140/7(1)(b) |
| 23 | Medical, psychiatric, counseling and substance abuse information summary where the privacy interest outweighs any legitimate public interest in disclosure | 5 ILCS 140/7(1)(c) |
| 24 | Juvenile law enforcement records | 5 ILCS 140/7(1)(a) - Juvenile Court Act 705 ILCS 405/1-7; 705 ILCS 405/5-905 |
| 25 | Financial account numbers | 5 ILCS 140/7(1)(b); 5 ILCS 140/7(1)(c); 5 ILCS 140/7(1)(d)(iv) |
| 26 | Credit/Debit card numbers | 5 ILCS 140/7(1)(b); 5 ILCS 140/7(1)(c); 5 ILCS 140/7(1)(d)(iv) |
| 27 | Photographs of victims and CR complainants where the privacy interest outweighs any legitimate public interest in disclosure | 5 ILCS 140/7(1)(c); 5 ILCS 140/7(1)(d)(iv); 5 ILCS 140/7(1)(d)(vi) |
| 28 | Photographs that are graphic in nature where the privacy interest outweighs any legitimate public interest in disclosure | 5 ILCS 140/7(1)(c) |
| 29 | Performance evaluations | 5 ILCS 140/7(1)(a) – Personnel Records Review Act 820 ILCS 40/11 |
| 30 | Command Channel Review | 5 ILCS 140/7(1)(f)**<br><br>**The phrase "command channel review" does not appear in the FOIA statute. FOIA protects from disclosure opinions that form the basis of a policy decision, but not factual information.  See Kalven v. City of Chicago, No. XX. |

| 31 | Information which is subject to a court order on an active case (e.g., a protective order) | 5 ILCS 140/7(1)(a)*** <br><br> ***Not specifically provided for in the FOIA statute. |
|----|----|----|
| 32 | Information the release of which would interfere with a pending investigation being conducted by the agency that is the recipient of the request | 5 ILCS 140/7(1)(d)(i) |
| 33 | Information the release of which would obstruct an ongoing criminal investigation being conducted by the agency that is the recipient of the request | 5 ILCS 140/7(1)(d)(vii) |
| 34 | Information the release of which would endanger the life/physical safety of Police personnel or another | 5 ILCS 140/7(1)(d)(vi) |
| 35 | Information the release of which would interfere an active administrative enforcement proceedings being conducted by the department in possession of the record or that would create a substantial likelihood that a person will be deprived of a fair trial or an impartial hearing | 5 ILCS 140/7(1)(d)(ii) – if disciplinary proceeding against officer; 5 ILCS 140/7(1)(d)(iii) – if prosecution of officer |
| 36 | Unique or specialized investigative techniques other than those generally used and known where disclosure would result in demonstrable harm to the public body that is the recipient of the request | 5 ILCS 140/7(1)(d)(v) |
| 37 | Create a substantial likelihood that a person would be denied a fair trial (taint a jury pool) | 5 ILCS 140/7(1)(d)(iii) |

Disclosure of CR Files and their attachments to any persons beyond the parties and their attorneys in this case, or third parties otherwise authorized pursuant to Section 5 of this Confidentiality Order, may be made only in the manner consistent with the FOIA-redacted version of such CR Files produced by the responding party as set forth above. Furthermore, in addition to disclosures permitted pursuant to paragraph 5(b)(7) and (8) of this Order, counsel for the parties may orally communicate to potential witnesses, for purposes of this litigation only, information contained in CR files to the extent the information conveyed is not FOIA-protected information described in the "FOIA Redaction Guideline List" set forth above, except that any

such information in exemptions 5, 6, 16, 23, 27, 28, and 36 of that List that are subject to a balancing test must first be agreed to in writing by the producing party. If any disputes arise pursuant to the application of this provision, concerning the redactions of the CR Files and their attachments, such un-redacted litigation format document(s) produced pursuant to this Section, or information otherwise contained within the redactions as designated in the redacted copy, shall not be publicly released pursuant to this Section without a final determination by this Court pursuant to the same terms provided for any Confidential Information designation under this Confidentiality Order. Nothing in this Order shall prohibit the receiving party or anyone else from seeking copies of any CR Files under FOIA. Nothing is this Order shall impact the parties' rights under FOIA.

Subject to this public release procedure set forth above for CR files, information or documents that are available to the public may not be designated as Confidential Information. This Order does not apply to materials obtained from sources other than discovery in this case. Furthermore, in addition to disclosures permitted pursuant to paragraphs 5(b)(7) and (8) of this Order, counsel for the parties may orally communicate to potential witnesses, for purposes of this litigation only, information contained in CR files to the extent the information conveyed is not FOIA-protected information described in the "FOIA Redaction Guideline List" set forth above.

**3. Designation**.

(a) A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking

"CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

(b) The designation of a document as Confidential Information is a certification by an attorney or a party appearing pro se that the document contains Confidential Information as defined in this order.

(c) Any documents designated "Confidential" shall be deemed Confidential Information as defined in this order, subject to modification pursuant to Paragraph 2(b), above.

**4. Depositions**.

Deposition testimony, including exhibits, is protected by this Order only if designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the record at the time the testimony is taken. Such designation shall be specific as to the portions that contain Confidential Information. Deposition testimony or exhibits so designated shall be treated as Confidential Information protected by this Order. Within fourteen days after delivery of the transcript, a designating party may serve a Notice of Designation to all parties of record identifying additional specific portions of the transcript or exhibits that are designated Confidential Information, and thereafter those additional portions identified in the Notice of Designation shall also be protected

under the terms of this Order. The failure to serve a timely Notice of Designation waives any designation of additional deposition testimony or exhibits as Confidential Information, unless otherwise ordered by the Court.

**5. Protection of Confidential Material**.

**(a) General Protections**. Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.

**(b) Limited Third-Party Disclosures**. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set-forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

**(1) Counsel.** Counsel for the parties and employees of counsel who have responsibility for the preparation and trial of the action;

**(2) Parties.** Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

**(3) The Court and its personnel**;

**(4) Court Reporters and Recorders.** Court reporters and recorders engaged for depositions;

**(5) Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

8

**(6) Consultants and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

**(7) Witnesses at depositions.** During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

**(8) Author or recipient.** The author or recipient of the document (not including the person who received the document in the course of the litigation); and

**(9) Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

**(c) Control of Documents**. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

6.  **Inadvertent Failure to Designate**. An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

7.  **Filing of Confidential Information**. This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with Local Rule 26.2.

8.  **No Greater Protection of Specific Documents**. Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

9.  **Challenges by a Party to Designation as Confidential Information**. The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

**(a) Meet and Confer**. A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

**(b) Judicial Intervention**. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

**10. Action by the Court**. Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

**11. Use of Confidential Documents or Information at Trial**. Nothing in this Order shall be construed to affect the admissibility of any document, material, or information at any trial or hearing. A party that intends to present or which anticipates that another party may

present Confidential information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation**.

(a) If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b) The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c) The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing a receiving party in this action to disobey a lawful directive from another

court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

**13. Challenges by Members of the Public to Sealing Orders**. A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

**14. Obligations on Conclusion of Litigation**.

**(a) Order Continues in Force**. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**(b) Obligations at Conclusion of Litigation**. Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in ¶3(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

**(c) Retention of Work Product and one set of Filed Documents**. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index which refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court

including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation provided that its use does not disclose or use Confidential Information.

**(d) Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System**. Filings under seal shall be deleted from the ECF system only upon order of the Court.

15. **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

16. **No Prior Judicial Determination**. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

17. **Persons Bound**. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

*So Ordered.*

Dated: March 8, 2017

_____
ANDREA R. WOOD
United States District Judge

14

**Attachment A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BEN BAKER and CLARISSA GLENN, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No.  16 CV 8940 |
| | ) | |
| v. | ) | Judge Andrea R. Wood |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms.  The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____        _____
                                             Signature

15