IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Ben Baker and Clarissa Glenn, | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | No. 16-cv-8940 |
| -*vs*- | ) | |
| | ) | *(Judge Wood)* |
| City of Chicago, et al., | ) | |
| | ) | |
| *Defendants* | ) | |

## MEMORANDUM OF LIONEL WHITE (17-cv-2877), BRUCE POWELL (17-cv-5156), AND WILLIAM CARTER (17-cv-7241) IN OPPOSITION TO DEFENDANTS' MOTION TO REASSIGN UNDER LOCAL RULE 40.4

Lionel White, Bruce Powell, and William Carter, the plaintiffs in 17-cv-2877, 17-cv-5156, and 17-cv-7241, respectively, object to the motion by defendants (ECF No. 152) to reassign their pending cases to this Court under Local Rule 40.4(b). Rather than reassign these three cases—and more than a dozen others—to this Court, the proper course is a referral to the Executive Committee to established a consolidated pre-trial procedure pursuant to Internal Operating Procedure 13(e), as Judge Gettleman has already done in *Carter v. Chicago*, 17-cv-7241, order attached as Exhibit 1.

1.      White, Powell, and Carter, as well as the plaintiffs in this case and three other recently filed cases, seek damages against the City of Chicago, former Chicago Police Sergeant Ronald Watts, and various police

officers and officials.[1] Each of these "Watts Team Section 1983 Cases" turns on the facts of each plaintiff's arrest and prosecution. Each case involves a different set of officer defendants and each turns on different facts about the way in which each plaintiff was framed.

2.	In addition to the seven pending cases, another fifteen persons have recently had their convictions related to the Watts Team of officers vacated by the Circuit Court of Cook County.[2] These individuals are likely to file Section 1983 actions against similar sets of defendants to those in the pending cases.

3.	Attorneys from Loevy & Loevy represent the plaintiffs in this case. Attorneys from Loevy & Loevy and Kenneth N. Flaxman P.C. jointly represent the plaintiff in *White*. Attorneys from Kenneth N. Flaxman P.C. represents the plaintiffs in the remaining five cases that have been filed. Attorneys from Kenneth N. Flaxman P.C. do not represent the fifteen other individuals who may soon file additional cases.

---

[1] The three recently filed cases are: *Forney v. Chicago*, 18-cv-3474 (Judge Aspen); *Shenault Sr. v. Chicago*, 18-cv-3477 (Judge Tharp); and *Shenault Jr. v. Chicago*, 18-cv-3478 (Judge Kendall).

[2] Megan Crepeau, Jason Meisner & Jeremy Gorner, *7 Officers on Desk Duty as Charges Dropped Against 15, Cases Linked to Corrupt Ex-Cop Reviewed*, CHI. TRIB (Nov. 17, 2017) , available at http://www.chicagotribune.com/news/local/breaking/ct-met-mass-exoneration-ronald-watts-20171116-story.html.

4.      The plaintiffs in the pending seven cases (as well as the fifteen others in the impending cases) make distinct allegations about the alleged misconduct that led to their wrongful prosecutions. For example, Ben Baker, one of the plaintiffs in this case, alleges that Watts and his gang framed him in 2004 and again in 2005 and that he was wrongfully imprisoned for nearly ten years. Bruce Powell, the plaintiff in 17-cv-5156, alleges that he was framed in 2009 and then wrongfully imprisoned for less than one year. William Carter, the plaintiff in 17-cv-7241, alleges that he was framed in retaliation for filing formal complaints against the defendant officers. Lionel White, the plaintiff in 17-cv-2877, did not file a complaint until after his wrongful arrest.

5.      Each case turns on highly individualized evidence about the facts of each plaintiff's arrest and prosecution, the involvement of different officers, the alleged reasons that each plaintiff was framed, and damages.

6.      Local Rule 40.4(b)(4) permits consolidation before a single judge of cases that are "susceptible of disposition in a single proceeding." Defendants' motion does not attempt to make this impossible showing. Instead, defendants ask the Court to disregard Rule 40.4(b)(4), incorrectly stating that "it is not necessary for the Court to determine whether the cases should be consolidated for trial at this time." (ECF No. 152 at 6.) The

rule, however, requires that the Court make this determination, as in *Washington v. Chicago*, 16-cv-1893, order attached as Exhibit 2, when the Court concluded that reassignment was improper.

7.      It is inconceivable that the seven pending cases, and the fifteen impending cases, are "susceptible of disposition in a single proceeding," as required by Local Rule 40.4(b)(4). A single trial could not fairly resolve the claims of 8—let alone 22—plaintiffs when each seeks damages for separate arrests and wrongful imprisonments that occurred over the course of a decade. *See Goldhamer v. Nagode*, No. 07 C 5286, 2007 WL 4548228, at *3 (N.D. Ill. Dec. 20, 2007) (cases not susceptible to disposition in a single proceeding where factual differences will require separate trials).

8.      "The fact that the cases are brought against the same defendant and generally involve the same types of allegations are not sufficient to show the cases are related pursuant to Local Rule 40.4(a)." *Donahue v. Elgin Riverboat Resort*, 2004 WL 2495642, at *2 (N.D. Ill. 2004). In *Donahue*, former class members filed individual lawsuits after the district court decertified an employment discrimination class action. The defendant asked that five individual actions be reassigned to the judge presiding over the lowest number case. *Id.* The district court (Guzman, J.) denied the motion, finding "each individual case relies on a different set of

facts, and a finding in one case would not be dispositive of any issues in the other cases." *Id.* Moreover, "each plaintiff's claim requires individualized proof and is subject to unique defenses." *Id.* at *3.

9.     This Court denied a similar motion in *Washington v. Chicago*, 16-cv-1893, order attached as Exhibit 2. There, the Court held that separate civil cases brought by two exonerees who had been wrongly prosecuted together were not "susceptible of disposition in a single proceeding." As the Court explained:

> The Court is unconvinced that *Washington* and *Hood* are susceptible of disposition in a single proceeding. There will certainly be significant overlap in witnesses, evidence, and factual and legal issues if each case proceeds to trial. However, the differences highlighted in Hood's response brief are meaningful and could potentially alter the outcome if the cases are tried together. Perhaps more importantly, Washington and Hood are represented by separate legal counsel. Ordering one consolidated trial would in effect force the Plaintiffs and their counsel to work together, thereby effecting a major change in the attorney-client relationship and the trial dynamic. Therefore, although *Washington* and *Hood* are clearly related within the meaning of Local Rule 40.4, it has not been established that they are susceptible of disposition in a single proceeding. The Court thus declines to formally reassign the *Hood* case.

(Exhibit 2 at 3.)

10.     The same reasoning applies here. In addition to the factual and legal issues that will be unique to each plaintiff, forcing all plaintiffs to submit to a single trial will be unfairly prejudicial. Such a trial would be

extremely difficult for a single judge (or courtroom) to accommodate. It would also be impossible for the lawyers the plaintiffs have chosen to adequately represent each of their clients in this massive trial. Additional counsel would be required, thereby depriving many plaintiffs of their chosen counsel.

11.     As this Court wrote in *Washington*, "[t]he better course at this stage is coordination of the two cases for discovery and settlement negotiations, which will effectuate many of the efficiencies for which the City advocates in its motion." (Exhibit 2 at 3.)

12.     White, Powell, and Carter propose that the Court follow the coordinated discovery procedure authorized by Internal Operating Procedure 13(e). Indeed, Judge Gettleman has already granted the motion by William Carter to follow IOP 13(e). *Carter v. Chicago*, 17-cv-7241, ECF No. 84, attached as Exhibit 1.

13.     As Judge Kennelly explained in a case cited by defendants (ECF No. 152 at 8):

> The fact that there is a good deal of common discovery in the cases would not, in this Court's view at least, call for departing from the norm in this District—assignment of cases by lot. *See* N.D. Ill. LR 40.1(a). Rather, the appropriate course, assuming coordinated discovery is considered appropriate, would be reassignment for purposes of discovery coordination only, pursuant to N.D. Ill. IOP 13(e).

*Brieger v. Tellabs, Inc.*, 434 F. Supp. 2d 567, 570 (N.D. Ill. 2006). Consistent with *Brieger*, plaintiffs seek discovery coordination pursuant to the Court's Internal Operating Procedure 13(e).

14.     In the analogous case of *Martinez v. Haleas*, No. 07 C 6112, 2010 WL 1337555 (N.D. Ill. Mar. 30, 2010), thirteen plaintiffs alleged they had been falsely arrested by the same Chicago police officer over a two-year period. *Martinez*, 2010 WL 1337555 at *1. There, the City of Chicago asked the district judge to consolidate all of the cases. The district judge (Gettleman, J.) ruled that joinder of the cases was improper because the cases did not arise out of the same transaction, occurrence, or series of transactions or occurrences. *Id.* at *4. As the Court explained:

> While there are similarities between each of the arrests in question—Haleas was the arresting officer in each and each arrest was for DUI—all of the arrests took place on different dates, in different locations, and under distinct circumstances during a two year period. More importantly, the allegations regarding plaintiffs' Monell claims and the City's policies are inherently dependent on particular factual determinations that must be made as to each arrest. Without severance of each plaintiff's claim, a jury would be required to hear evidence and make factual determinations concerning thirteen separate events in one trial. This would likely be confusing to the jury, prejudicial to defendants, and undermine any other economies in litigation that may come from allowing joinder of plaintiffs.

*Id.* at *3 (footnotes omitted).

-7-

15.     As in *Brieger*, the Court in *Martinez* referred to Internal Operating Procedure 13(e) as the appropriate vehicle for coordination of discovery. *Martinez*, 2010 WL 1337555 at *4.

The Court should therefore deny defendants' motion for reassignment and, as Judge Gettleman has already done, enter an order referring these cases to the Court's Executive Committee to establish, pursuant to Internal Operating Procedure 13(e), a coordinated pretrial proceeding.

Respectfully submitted,

/s/ <u>Joel A. Flaxman</u>
Joel A. Flaxman
Kenneth N. Flaxman
Kenneth N. Flaxman P.C.
200 S. Michigan, Ste 201
Chicago, IL 60604
(312) 427-3200
*Attorneys for Lionel White, Bruce Powell, and William Carter*

**Exhibit 1**

## UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.2.1
### Eastern Division

William Carter

                     Plaintiff,

v.                                      Case No.: 1:17−cv−07241

                                           Honorable Robert W. Gettleman

City of Chicago, et al.

                     Defendant.

---

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, May 23, 2018:

      MINUTE entry before the Honorable Robert W. Gettleman: Status hearing held on 5/23/2018. Plaintiff's motion [80] to refer to executive committee pursuant to internal operating procedure 13(e) is granted. Status hearing set for 6/27/2018 at 9:10 a.m. Mailed notice (cn)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

**Exhibit 2**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WAYNE WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 16-cv-01893 |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| CITY OF CHICAGO, KENNETH | ) | |
| BOUDREAU, JOHN HALLORAN, | ) | |
| BERNARD RYAN, ROBERT LENIHAN, | ) | |
| JOHN POLUSZNY, MICHAEL CLANCY, | ) | |
| JOHN BALL, JAMES O'BRIEN, GERALD | ) | |
| CARROLL, ELIZABETH SHINN, JOHN | ) | |
| STOUT, AND UNKNOWN EMPLOYEES | ) | |
| OF THE CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendant City of Chicago's motion for reassignment based on relatedness [15] is denied. The parties are directed to meet and confer regarding a proposed agreed order for coordination of discovery to be presented for entry in this case as well as *Hood v. City of Chicago*, No. 16-cv-01970 (N.D. Ill.), and to submit the same for consideration by the district judges by 11/15/2016. Status hearing set for 11/17/2016 at 9:00 a.m. See the accompanying Statement for details.

## STATEMENT

In 1996, Wayne Washington and Tyrone Hood were convicted of murdering Marshall Morgan, Jr. and sentenced to 25 and 75 years in prison, respectively. In February 2015, their convictions were vacated and the charges against them dismissed. Washington subsequently brought this suit under 42 U.S.C. § 1983, claiming that the Defendant police officers ("Defendant Officers") violated his constitutional rights by fabricating evidence, coercing a false confession, threatening witnesses, and withholding exculpatory evidence. Washington further claims that the City of Chicago ("City") has a policy and practice of pursuing wrongful convictions through such improper police tactics. Meanwhile, Hood brought his own suit, *Hood v. City of Chicago*, No. 16-cv-01970 (N.D. Ill.) (Shadur, J.), asserting nearly identical claims against the same Defendants. The City has moved for reassignment and consolidation of the *Hood* case pursuant to Local Rule 40.4 and Federal Rule of Civil Procedure 42.[1] (Dkt. No. 15.)

---

[1] Federal Rule of Civil Procedure 42 allows a district court to consolidate cases on its docket involving a common question of law or fact. Fed. R. Civ. P. 42(a). Because the Court finds that the conditions for reassignment under Local Rule 40.4 are not met, Rule 42 need not be addressed.

Exhibit 2                                                                                          Page 1

Specifically, the City seeks an order (1) finding that the *Washington* and *Hood* cases are related, (2) reassigning *Hood* to this Court's docket, and (3) consolidating the two cases for all purposes. Because it is not clear at this point that the two cases are susceptible of disposition in a single proceeding, the City's motion is denied.

Local Rule 40.4 permits reassignment of related cases. Specifically, "[a] case may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge and each of the following criteria is met: (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding." N.D. Ill. L.R. 40.4(b). Therefore, the Court first must determine whether *Washington* (the earlier-numbered case) and *Hood* are related. If they are, the Court will then go on to determine whether the criteria for reassignment are met. The decision whether to reassign a case as related lies within the sound discretion of the district court. *See, e.g., Gautreaux v. Chicago Hous. Auth.*, No. 66 C 1459, 2013 WL 5567771, at *3 (N.D. Ill. Oct. 9, 2013).

"[C]ases may be related if one or more of the following conditions are met: (1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are the same." N.D. Ill. L.R. 40.4(a). The City is correct that the two cases at issue here arise from the same occurrence and involve many of the same issues of fact and law. Washington and Hood were both wrongfully convicted of the murder of Morgan as a result of the same alleged misconduct by the same Defendant Officers. The two plaintiffs bring nearly identical claims based on essentially the same set of underlying facts. Indeed, Hood's response in opposition to the City's motion for reassignment seems to concede relatedness, arguing only that Local Rule 40.4's conditions for reassignment are not met.[2]

A case should be reassigned under Local Rule 40.4(b) if all four of the conditions set forth in the rule are satisfied. *See, e.g., Targin Sign Sys., Inc. v. Preferred Chiropractic Ctr., Ltd.* 714 F. Supp. 2d 901, 902 (N.D. Ill. 2010). It appears undisputed, and the Court agrees, that the first, second, and third conditions are met here.[3] Both cases are pending in this District and the earlier case (*Washington*) has not progressed to the point that reassignment would cause substantial delay. With respect to the second condition, it is clear that—given the significant overlap in parties, claims, and factual and legal issues, and the potential for duplicative discovery—the handling of both cases by the same judge would result in substantial judicial efficiencies.

---

[2] Washington did not file a response to the City's motion, as his case will remain before this Court regardless. According to the City, counsel for Washington does not oppose consolidation for purposes of discovery but does oppose consolidation for all purposes. Counsel for the Defendant Officers agrees with the City's motion.

[3] In his response brief, Hood acknowledges that the first and third conditions are met. As to the second, he asserts that a substantial saving of judicial time and effort can be obtained through coordination of discovery without consolidation into a single proceeding for all purposes.

Exhibit 2                                                                                              Page 2

A more difficult question is whether the *Washington* and *Hood* cases are susceptible of disposition in a single proceeding. The City asserts that some or all of the Plaintiffs' claims may be disposed of at the summary judgment stage and that, even if a trial is required, there is no reason why the claims could not be resolved in a single proceeding. In support, the City contends that most, if not all, of the key witnesses (including Washington and Hood themselves) and evidence will be the same for each trial; that, given the nearly identical claims, each trial will involve the same legal issues; and that the same attorneys will represent the Defendants in both trials.

Hood, on the other hand, argues that the cases involve distinct factual and legal issues that render them incapable of disposition in a single trial. First, Washington claims that the Defendant Officers coerced him into signing a false confession, a claim not at issue in Hood's case. Second, Hood went to trial on the murder charge while Washington pleaded guilty. Hood contends that Washington's confession and plea—while not indicative of actual guilt—might confuse the jury and cause prejudice to him if the cases are tried together. Finally, Hood asserts that the two Plaintiffs suffered unique damages, in part because Hood spent a significantly longer time in prison than did Washington. Hood thus takes the position that the two cases should be consolidated for purposes of discovery but should be kept separate for dispositive motions and trial.

The Court is unconvinced that *Washington* and *Hood* are susceptible of disposition in a single proceeding. There will certainly be significant overlap in witnesses, evidence, and factual and legal issues if each case proceeds to trial. However, the differences highlighted in Hood's response brief are meaningful and could potentially alter the outcome if the cases are tried together. Perhaps more importantly, Washington and Hood are represented by separate legal counsel. Ordering one consolidated trial would in effect force the Plaintiffs and their counsel to work together, thereby effecting a major change in the attorney-client relationship and the trial dynamic. Therefore, although *Washington* and *Hood* are clearly related within the meaning of Local Rule 40.4, it has not been established that they are susceptible of disposition in a single proceeding. The Court thus declines to formally reassign the *Hood* case.

The better course at this stage is coordination of the two cases for discovery and settlement negotiations, which will effectuate many of the efficiencies for which the City advocates in its motion. Moreover, coordination is relatively simple here, where the same magistrate judge has been assigned to both cases. Therefore, the Court proposes an arrangement under which *Washington* and *Hood* will each remain with its assigned district judge, but the cases will be referred to Magistrate Judge Valdez for joint discovery supervision and settlement negotiations, including a provision. When the time comes, the district judges will decide how best to handle dispositive motions so as to avoid duplication and minimize any risk of inconsistent rulings. The cases will also remain before their original district court judges for trial unless it becomes readily apparent—and the parties agree—that a single proceeding is appropriate.

This arrangement strikes the proper balance between efficiency and fairness to the parties, as it respects each Plaintiff's choice of counsel and preserves their right to separate trials.

Exhibit 2

In the exercise of its broad discretion in deciding how cases on its docket are to be tried—and because nothing compels reassignment—the Court finds that this is the best path forward here. Thus, the City's motion for reassignment of *Hood v. City of Chicago, et al.*, No. 16-cv-01970 (N.D. Ill.), is denied. The parties are directed to meet and confer regarding a proposed agreed order for coordination of discovery to be presented to the district judges for entry in this case as well as the *Hood* case and to submit the same by November 15, 2016.

Dated: November 1, 2016

_____
Andrea R. Wood
United States District Judge

Exhibit 2                                                                                      Page 4