IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| BEN BAKER and CLARISSA GLENN, | ) ) ) | No. 16 CV 8940 |
| Plaintiffs | ) ) | Judge Andrea R. Wood |
| v. | ) ) | |
| CITY OF CHICAGO, *et al.* | ) ) | Magistrate Judge Sheila M. Finnegan |
| Defendants. | ) ) | |

## JOINT STATUS REPORT

All parties to the coordinated proceedings respectfully file this joint status report to address the following issues, pursuant to the Court's Order dated November 9, 2018: (a) their proposed discovery plan and schedule; (b) how to coordinate discovery in existing and future cases; (c) protective orders and HIPAA orders; (d) completed and expected written discovery (including from non-parties); (e) the approximate number of depositions that may be taken; (f) anticipated discovery disputes involving privilege or other issues and proposals for when and how to bring them before the Court; and (g) any other issues that they wish to raise with the Court. *See* Dkt. 186.

### Discovery Plan, Schedule, and Coordination, including Depositions

1. The parties propose an 18 month period for fact discovery for the currently pending cases, with fact discovery ending on June 9, 2020.

2. The parties propose that written discovery and depositions may begin immediately in all cases where such discovery has not yet begun, and it shall continue in any cases where discovery has begun.

3. The presumptive limits for discovery found in Federal Rule of Civil Procedure 30 shall not apply to these coordinated proceedings.

4. Given the number of cases and expected cases that will be filed during the fact discovery period, the parties suggest that the Court set a status date near the end of the fact discovery period to set future dates, including a fact discovery deadline for any future cases and a schedule for expert discovery. At this point, the parties expect that some expert discovery will encompass nearly all or all of the cases, and some may be case-specific.

### Written Discovery Plan

5. The parties agree that responses to interrogatories served in one case may be used in other cases that are also part of these coordinated proceedings.

6. The parties agree that to avoid unnecessary duplication of work given that substantial disclosures of witnesses and documents have already been made in the *Baker* case, the coordinated cases shall not be part of the Mandatory Initial Discovery Program. As described below, Plaintiffs submit that it would be most efficient for the parties to nonetheless provide certain disclosures that are required by the MIDP. Defendants disagree and submit that the parties should exchange Rule 26(a)(1) disclosures instead.

**Plaintiffs' Position on Initial Disclosures**

7. Plaintiffs and Defendants in all pending cases that are part of these coordinated proceedings and where the parties have not yet made Rule 26(a)(1) disclosures or MIDP disclosures shall make the following disclosures, which are modeled on the Mandatory Initial Disclosure Program, within 45 days:

> A. State the names and, if known, the addresses and telephone numbers of all persons who you believe are likely to have discoverable information relevant to any party's claims or defenses, and provide a fair description of the nature of the information each such person is believed to possess.
>
> B. State the names and, if known, the addresses and telephone numbers of all persons who you believe have given written or recorded statements relevant to any party's claims or defenses. Unless you assert a privilege or work product protection against disclosure under applicable law, attach a copy of each such

statement if it is in your possession, custody, or control. If not in your possession, custody, or control, state the name and, if known, the address and telephone number of each person who you believe has custody of a copy.

C. List and produce the documents, electronically stored information ("ESI"), tangible things, land, or other property known by you to exist, whether or not in your possession, custody or control, that you believe may be relevant to any party's claims or defenses.

8. If a party has no new information for the disclosures that has not already been provided in a different case, that party may comply with this disclosure requirement by identifying the relevant disclosures that have already been provided.

**Defendants' Position on Initial Disclosures**

9. Plaintiffs in any future cases shall make Rule 26(a)(1) disclosures within thirty days of filing their complaints. Defendants in any future cases shall make Rule 26(a)(1) disclosures thirty days thereafter. For any newly identified defendant, the parties will meet and confer to determine that defendant's disclosure obligations.

**Depositions**

10. To the extent practicable, depositions shall be cross-noticed for multiple cases. The presumption will be that each Plaintiff, Defendant and third-party will be deposed only once for all cases that are pending when the deposition is taken, and the parties will work cooperatively to set reasonable time limitations in advance of the depositions, recognizing that 7 hours may not be a sufficient amount of time to depose certain parties and potentially third-party witnesses.

11. [Defendants propose the following additional requirements for depositions. Seven business days prior to a Defendant Officer deposition that is scheduled for more than one day, Plaintiff will disclose to defense counsel the lawsuits for which the Defendant Officer will be examined on for each particular deposition date. Plaintiffs will not question the Defendant

3

Officers about arrests of individuals who have had their convictions vacated, but have yet to file lawsuits or about arrests and convictions that are currently being investigated by the Cook County State's Attorney's Office at the request of Plaintiffs' law firms. Questioning of the Defendant Officers regarding those arrests and convictions will occur after lawsuits are filed and those cases become part of these coordinated proceedings.

Plaintiffs submit that these proposed limitations are not reasonable. Among other things, other arrests are relevant for purposes of Federal Rule of Evidence 404(b) and for Plaintiffs' *Monell* claims, regardless of whether the arrestees have filed their own lawsuits. Defendants' proposal would unnecessarily limit Plaintiffs' ability to ask relevant deposition questions and it will lead to duplicative depositions.]

12. In recognition of the fact that additional cases will be filed in the future and will include some of the same Defendants as those in the currently pending cases, the parties to these coordinated proceedings will be permitted to use all depositions taken in the coordinated proceedings, including parties in cases that are filed after a given deposition is taken.

13. Future plaintiffs who file cases after any particular Defendant is deposed will be permitted to re-depose that Defendant on topics that are not duplicative of the earlier deposition(s). The parties will work cooperatively to ensure that these depositions occur in efficient intervals so that they can cover multiple Plaintiffs' cases in one deposition setting.

14. The parties estimate that they will take approximately 200-300 depositions in the coordinated proceedings for the pending cases. Although as noted above, a number of depositions will take longer than one day, many will also be substantially shorter than one day.

15. Counsel for all parties will meet and confer in person on December 5, 2018 before the status conference in these cases to set aside at least 70 days for depositions through July

2019, and the parties will work cooperatively to promptly schedule depositions for those days. The parties will confer at least once per month to schedule additional depositions, and they agree to make at least two to three days available each week for depositions in these cases.

16. The parties will attempt to negotiate an agreed-upon rate with one court reporting company to handle all of the depositions.

## Documents

17. Plaintiffs have produced approximately 36,000 pages of documents in the *Baker* case, and Defendants have produced approximately 32,000 pages of documents in that case. The parties have produced approximately 1,000 pages in other pending cases. Many of the documents are discoverable for all or nearly all of the coordinated cases.

18. Any documents produced in pending cases may be used by any party in the coordinated cases (subject to and without waiving any objections to the admissibility of any such documents).

19. The parties expect that the coordinated cases may involve the production of electronically stored information, and they will meet and confer to address the parameters of such documents, including the potential use of search terms.

20. Going forward, documents will be marked and produced to indicate that they are being produced as part of the coordinated discovery proceeding, and all such documents will be made available to all parties. Before producing additional documents, Plaintiffs shall decide on a new prefix for a bates stamp that will indicate the documents are being produced as part of these coordinated proceedings, and all documents that Plaintiffs produce going forward shall include that prefix. Documents produced by the Defendants shall indicate which Defendant is producing

the document, and the parties will use consecutive bates numbering for production across the coordinated cases, rather than starting with a new bates range in each separate case.

## Protective Orders and HIPAA Orders

21. The parties agree that the same protective orders entered in the *Baker* case shall be entered in all other cases that are part of the coordinated proceedings.

22. Defendants believe that a HIPAA order shall be entered in each of the coordinated cases. Plaintiffs do not believe that a HIPAA order will be appropriate in every case. To the extent that HIPAA orders are used in any or all of the cases, the parties will meet and confer in an effort to agree upon the language of such an order.

23. The parties agree that they will be bound by the terms of the protective orders in the *Baker* case until such time as separate protective orders are entered in their own case. The parties will maintain the confidentiality of documents subject to the provisions of HIPAA until a HIPAA order is entered in the case or cases for which the HIPAA-protected information is relevant.

24. Any future parties in these coordinated proceedings may be provided with all Documents produced so long as they agree to abide by the terms of the *Baker* protective orders.

25. Finally, the parties agree to the entry of an order pursuant to Federal Rule of Evidence 502 pertaining to the inadvertent production of privileged documents.

26. The parties will confer with the U.S. Attorney's Office in an attempt to develop an agreement as to modification of the Privacy Act Order covering the documents produced by the FBI, so that those documents can be used in all coordinated cases.

**Completed and Anticipated Written Discovery**

27. The parties have served and responded to interrogatories, document requests, and requests for admission in *Baker*, *White*, and *Powell*.

28. The parties have taken 11 depositions in *Baker* and *Powell.*

29. As noted above, the parties will make every effort to avoid duplicative written discovery, but they expect that each party will serve additional written discovery.

30. With respect to third parties, the parties have received documents from the FBI, the Cook County State's Attorney, and the Illinois Department of Corrections.

31. Plaintiffs anticipate that they will seek additional documents from the federal government, as well as serving subpoenas on former City of Chicago employees. The parties also anticipate seeking additional documents from the Cook County State's Attorney's Office, as well as potentially seeking documents from criminal defense lawyers, the Cook County Department of Corrections, the Illinois Department of Corrections, the clerk of the Circuit Court of Cook County, the official court reporter of the Circuit Court of Cook County, Cermak Health Services, the Cook County Public Defender's Office, and other sources.

32. Defendants anticipate that they will request additional records related to Plaintiffs, including but not limited to, medical records, mental health records, employment records, and tax returns.

**Anticipated Discovery Disputes and Other Issues**

33. At this point, the parties do not anticipate any particular discovery disputes that will require Court intervention

34. The parties agree to service of pleadings and other papers by electronic means under Federal Rule of Civil Procedure 5(b)(2)(E).

35. The parties suggest that the Court schedule another status conference in approximately 60 days to discuss the status of the coordinated cases.

Respectfully submitted,

/s/ Scott Rauscher
One of the Attorneys for Plaintiffs Ben Baker, Clarissa Glenn, Marcus Gibbs, Leonard Gipson, Allen Jackson, Shaun James, Thomas Jefferson, Anthony McDaniels, Andre McNairy, Lee Rainey, Jamell Sanders, Frank Saunders, Christopher Scott, Taurus Smith, Henry Thomas, Phillip Thomas, Lionel White, Jr., and Lionel White, Sr.

Arthur Loevy
Jon Loevy
Scott Rauscher
Josh Tepfer
Theresa Kleinhaus
Sean Starr
Loevy & Loevy
311 N. Aberdeen St., Third Floor
Chicago, IL 60607

/s/      Joel A. Flaxman
One of the Attorneys for Plaintiffs Lionel White Sr., Bruce Powell, William Carter, Angelo Shenault Sr., Angelo Shenault Jr., and Robert Forney

Joel A. Flaxman
Kenneth N. Flaxman
200 S Michigan Ave, Ste 201
Chicago, IL 60604
(312) 427-3200

/s/ William E. Bazarek
One of the Attorneys for Defendants Alvin Jones, Robert Gonzalez, Miguel Cabrales, Douglas Nichols, Jr., Manuel S. Leano, Brian Bolton, Kenneth Young, Jr., David Soltis, Elsworth J. Smith, Jr., John Rodriguez, Gerome Summers, Jr., Calvin Ridgell, Jr., Lamonica Lewis, Edgar Carlos, Rebecca Bogard, Darryl Aikins, Ronald Heard, Frankie Lane, and Katherine Moses-Hughes

Andrew M. Hale
William E. Bazarek
Anthony Zecchin
Brian J. Stefanich
HALE LAW LLC
53 W. Jackson Blvd., Suite 330

Chicago, IL 60604
(312) 341-9646


/s/ Gary Ravitz
One of the Attorneys for Defendant Kallatt Mohammed

Gary Ravitz
Eric S. Palles
Ravitz & Palles, P.C.
203 North LaSalle Street, Ste. 2100
Chicago, Illinois 60601
(312) 558-1689


/s/ Brian P. Gainer
One of the Attorneys for Defendant Ronald Watts

Brian P. Gainer
Monica Gutowski
Ahmed Kosoko
JOHNSON & BELL, LTD.
33 West Monroe Street
Suite 2700
Chicago, Illinois 60603
(312) 372-0770


/s/ Daniel M. Noland
One of the Attorneys for Defendants
City of Chicago, Philip Cline, Debra Kirby Karen Rowan, John Griffin, Leo Panepinto, Jose Lopez, Gabriella Shemash, Jerome A. Fluder, Mike Ryle, Edward W. Griffin, and Jerrold Bosak

Terrence M. Burns
Paul A. Michalik
Daniel M. Noland
Elizabeth A. Ekl
Katherine C. Morrison
Reiter Burns LLP
311 S. Wacker Dr., Suite 5200
Chicago, IL 60606
(312) 982-0090

/s/ James V. Daffada
One of the Attorneys for Defendants Michael Spaargaren and Matthew Cadman

James V. Daffada

9

Thomas M. Leinenweber
Kevin E. Zibolski
Leinenweber Baroni & Daffada LLC
120 North LaSalle Street
Suite 2000
Chicago, Illinois 60602
(312) 663-3003