IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Ben Baker, et al. | ) ) ) ) ) ) ) ) ) ) ) | No. 16-cv-8940 <br><br> Judge Franklin U. Valderrama <br><br> Magistrate Judge Sheila M. Finnegan <br><br> Master Docket Case No. 19-cv-01717 <br> *In re: Watts Coordinated Pretrial Proceedings* |
| v. | | |
| City of Chicago, et al. | | |

**JOINT STATUS REPORT REGARDING FEDERAL GOVERNMENT'S POSITION ON REDACTIONS OF SEALED ORDER AND SUMMARY JUDGMENT PAPERS**

Plaintiffs and Defendants jointly submit this joint status report to address the federal government's Statement regarding redactions pursuant to the Court's October 14, 2024 Order (Dkt 432):

1. The parties have reviewed the federal government's Statement regarding redactions relating to summary judgment filings and to the sealed order addressing Plaintiffs' motion to bar proposed defense expert Michael Brown and Defendants' motion to bar proposed Plaintiffs' expert Jeffrey Danik. *See* Dkt. 419 (government's Statement); Dkt. 385 (sealed order).

2. The parties do not object to the federal government's proposals regarding redactions for either the summary judgment papers or the sealed order with one exception for the summary judgment filings. Namely, in the Coordinated Proceedings, the federal government filed an affidavit from an FBI agent who worked on the underlying investigation that resulted in the convictions of Defendants Watts and Mohammed. The City attached a copy of that declaration to its summary judgment papers and therefore included his name in the City's publicly filed memorandum of law in support of summary judgment and statement of facts in

1

support of summary judgment. That agent's name does not appear in the sealed order, and therefore this issue does not impact the proposed redactions in the sealed order.

3. In the event it might be helpful to the Court, the parties reviewed the sealed order for proposed redactions in line with the government's Statement on redactions. It appears that the name of one confidential informant should be redacted if the Court adopts the government's position on redactions. Although two names of potential confidential informants are mentioned, one of those, Wilbert Moore, is deceased. AUSA Lorenzen confirmed to the undersigned Plaintiffs' counsel that the government is not requesting that his name be redacted. The other name first appears in footnote 11 of the sealed order, and it appears that it is mentioned 10 times in total. While that name is identified in documents not subject to the Agreed Privacy Act Order (or the Confidentiality Protective Order in this case), the parties have informed the government that they have no objection to the redaction of that name in the sealed order and in their summary judgment papers or elsewhere.

4. The government also requests that the Court "issue a standing order in the Consolidated Pretrial Proceedings" that is consistent with its position. Dkt. 419 at 3. The parties submit that it would be premature to enter such an order that would apply to all future filings or Court orders, and that such an order might result in overbroad redactions. For example, the government's Statement requests that the "names of employees of the federal government" be redacted. Dkt. 419 at 3. As noted above, the federal government itself filed an affidavit from an FBI agent. In addition, the identity of other government employees who worked on the investigation and/or prosecution are also publicly available (and have in some instances been reported in the media or included in press releases issued by the federal government). The parties do not know whether future filings or court orders might include the names of any of those

employees. If they do, it is not obvious to the parties that such future filings or court orders should necessarily redact names that have already been publicly linked to the same issues. The parties submit that a more prudent course would be to address these issues in the future if they arise rather than enter a standing order now in all of the cases that are part of the Coordinated Proceedings.

5. In addition, Plaintiffs provide a further update on the redactions to their summary judgment filings below:

   a. The undersigned counsel for Plaintiffs conferred with Mr. Lorenzen, who requested that Plaintiffs make redactions consistent with the government's Statement rather than provide their filings to the government for its review.

   b. Plaintiffs have completed the redactions for their response brief and will file a redacted version on the docket.

   c. Plaintiffs are currently working on making redactions to their response to the City's Statement of Facts, as well as redactions to Plaintiffs' Statement of Additional Material Facts.

   d. Plaintiffs are completing their review of their response to the Defendant Officers' Statement of Facts and to Defendant Mohammed's Statement of Facts to determine whether redactions are necessary.

   e. Finally, with the Court's permission, Plaintiffs will file unredacted versions of any exhibits that were not marked as Confidential when produced during litigation.

Respectfully submitted,

*/s/ Scott Rauscher*
*One of the Attorneys for the Plaintiffs*

Jon Loevy
Arthur Loevy
Scott Rauscher
Josh Tepfer
Theresa Kleinhaus
Sean Starr
Gianna Gizzi
Wally Hilke
LOEVY & LOEVY
311 North Aberdeen Street,
Chicago, IL 60607
(312) 243-5900
scott@loevy.com

*/s/ Daniel M. Noland*
*One of the Attorneys for Defendant City of Chicago*

Terrence M. Burns
Paul A. Michalik
Daniel M. Noland
Dhaviella N. Harris
Daniel J. Burns
BURNS NOLAND LLP
311 S. Wacker Dr., Suite 5200
Chicago, IL 60606
p. (312) 982-0090
e. pmichalik@burnsnoland.com

*/s/ Eric S. Palles*
*One of the Attorneys for Defendant Kallatt Mohammed*

Eric S. Palles
Sean Sullivan
Lisa Altukhova
MOHAN GROBLE SCOLARO, PC
55 West Monroe, Suite 1600
Chicago, IL 60603
p. (312) 422-9999
e. epalles@mohangroble.com

*/s/ Brian Gainer*
*One of the Attorneys for Defendant Ronald Watts*

Brian Gainer
Monica Burkoth
Lisa M. McElroy
JOHNSON & BELL LTD.
33 West Monroe Street, Suite 2700
Chicago, IL 60603-5404
p. (312) 372-0770
e. gainerb@jbltd.com

*/s/ William E. Bazarek*
*One of the attorneys for Defendant Officers*

Andrew M. Hale
Anthony E. Zecchin
Kelly M. Olivier
William E. Bazarek
Jason M. Marx
Hannah Beswick-Hale
HALE & MONICO LLC
53 W Jackson Blvd., Suite 334
Chicago, IL 60604
p. (312) 341-9646
e. azecchin@halemonico.com